#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### BEAUFORT DIVISION

| | |
|---|---|
| Travis N. Davis, ) | |
| ) | Civil Action No.: 9:20-cv-00884-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ) | |
| Warden of Tyger River Correctional ) | |
| Institution, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed November 13, 2020. (ECF No. 26.) The Report addresses Petitioner Travis Davis' ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2254 and recommends that the court grant Respondent Warden of Tyger River Correctional Institution's ("Respondent") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) (ECF No. 20). For the reasons set forth below, the court **ACCEPTS** the Report, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** Petitioner's Habeas Petition with prejudice.

#### I.  RELEVANT BACKGROUND

    After a careful review of the record, the court concludes that the Magistrate Judge's factual summation is accurate and incorporates it herein by reference. (*See* ECF No. 26 at 1-4.) The court will only reference additional facts that are pertinent to the analysis of Plaintiff's claims. Such facts will be viewed in the light most favorable to Plaintiff. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) ("in evaluating a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party").

1

In August 2013, the Spartanburg County Grand Jury indicted Petitioner for trafficking in cocaine base, possession with intent to distribute heroin, manufacturing cocaine base, and possession of marijuana.  (ECF No. 19-2 at 71-72.)  The Spartanburg County Grand Jury subsequently indicted Petitioner in July 2014 for manufacturing crack cocaine, possession with intent to distribute heroin, two counts of possession of a weapon by a person convicted of a violent crime, and failure to stop for a blue light.  (*Id.* at 72.)

On June 16, 2015, Petitioner pled "guilty to the lesser offenses of second offense for all drug charges and as indicted on all others[.]"  (*Id.*)  Pursuant to a negotiated sentence, Petitioner was sentenced to imprisonment for concurrent terms of fifteen years for each count of possession with intent to distribute heroin, manufacturing cocaine base, and trafficking in cocaine base; five years for both counts of possession of a firearm; three years for failure to stop for a blue light; and one year for possession of marijuana.  (*Id.*)  Petitioner did not appeal his guilty pleas or sentences.  (*Id.*)

Petitioner filed an application for post-conviction relief ("PCR") on March 7, 2016.  (*Id.* at 28.)  In his PCR application, Petitioner alleged that he was being held in custody unlawfully for three reasons:

1. "ineffective assistance of counsel"
2. "violation of due process"
3. "Improper plea/breach of plea agreement"

(*Id.* at 30.)  The Honorable Robin Stilwell held an evidentiary hearing for Petitioner's PCR application on June 28, 2017.  (*Id.* at 42-68.)  At the hearing, Petitioner and Petitioner's plea counsel testified.  (*Id.*)  Judge Stilwell denied Petitioner's PCR application at the conclusion of the

2

hearing and issued an order dismissing the application with prejudice on October 4, 2017. (*Id.* at 68, 78.)

Petitioner later filed a petition for writ of certiorari before the Supreme Court of South Carolina. (ECF No. 19-4.) On January 30, 2020, the Supreme Court issued an order denying Petitioner's petition for a writ of certiorari. (ECF No. 19-8.)

On February 28, 2020, Petitioner timely filed the instant §2254 Petition[1] and asserted the following grounds for relief:

1. <u>Ground One – "Ineffective Assistance of Counsel"</u>: "Counsel performed deficiently by allowing the violation of petitioner' [sic] 4th Amendment and violating petitioner's 6th Amendment right by not suppressing evidence that was illegally obtained, not eliminating crimes per statue [sic] petitioner did not commit, and not suppressing arrest warrants that wasn't [sic] properly authorized by magistrate and other said officials";
2. <u>Ground Two – "Violation of Due Process"</u>: "Counsel violated petitioner's 5th Amendment right by allowing petitioner to plead guilty to 44-53-375(c)(1)(a) and 44-53-370(b)(1). Per statute petitioner never met the requirements to be charged nor indicted for 44-53-375(c)(1)(a). Counsel allowed the state to aggregate one pwid [sic] cocaine and one pwid [sic] cocaine base to meet the 10 gram requirement of 'Trafficking in Cocaine base'"; and
3. <u>Ground Three – "Improper plea/breach of plea agreement"</u>: "Counsel allowed the state to violate the quid pro quo agreement with petitioner. Petitioner was offered 7 to 10 years for the crimes he was indicted for. Petitioner notes that to receive 15 years was for the exchange of his co-defendant's (Shamir Sanders) freedom. The state failed to honor the agreement by convicting Shamir Sanders after accepting petitioner's plea[.]"

(ECF No. 1 at 5-8.)

---

[1] 28 U.S.C. § 2244(d) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and does not include "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" *Id.* Here, Petitioner's § 2254 Petition is timely because it was filed within a year after his guilty plea, disregarding the period of time spent pursuing PCR.

3

On May 27, 2020, Respondent filed a Motion for Summary Judgment (ECF No. 20). Petitioner submitted a Response (ECF No. 23) on June 18, 2020 and Respondent filed a Reply (ECF No. 24) on June 25, 2020.

The Magistrate Judge issued the instant Report (ECF No. 26) on November 13, 2020, recommending that the court grant Respondent's Motion for Summary Judgment and dismiss Petitioner's §2254 Petition with prejudice. Petitioner filed his Objections (ECF No. 28) to the Report on November 30, 2020 and Respondent filed a Reply (ECF No. 29) to the Report on December 14, 2020.

The court considers the merits of Petitioner's Objections to the Report and Recommendation below.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.    LEGAL STANDARD

A. Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not

4

objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* pleadings "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

  B. <u>Summary Judgment</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini*, 915 F.2d at 123–24. The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

    C.  <u>Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254</u>

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

D. Procedural Default

A petitioner's failure to raise in state court a claim asserted in his § 2254 petition "implicates the requirements in habeas of exhaustion and procedural default." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). "The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Thus, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). In a similar vein, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and has procedurally defaulted those claims. *Coleman v. Thompson*, 501 722, 732 (1991). Absent an exception, a federal court will not entertain a procedurally defaulted claim, so long as the state procedural requirement barring the state court's review is adequate to support the judgment and independent of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012); *Walker v. Martin*, 562 U.S. 307, 315–16 (2011).

> Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

*Woodford*, 548 U.S. at 93 (internal citation omitted) (citing *Gray*, 518 U.S. at 161–62; *Coleman*, 501 U.S. at 744–51).

However, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing

7

*Coleman*, 501 U.S. at 750). "In *Coleman*, ... the Supreme Court held that ... a federal habeas 'petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings to establish cause.'" *Fowler v. Joyner*, 753 F.3d 446, 460 (4th Cir. 2014) (quoting *Coleman*, 501 U.S. at 752). Subsequently, in *Martinez*, the Supreme Court recognized a "narrow exception" to the rule stated in *Coleman* and held that, in certain situations, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. The Fourth Circuit has summarized the exception recognized in *Martinez* as follows:

> [A] federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consists of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim;" and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler*, 753 F.3d at 461 (internal brackets omitted) (quoting *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)).

In the alternative to showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327–28 (1995), or abandonment by counsel. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

8

## IV.     ANALYSIS

I.     <u>The Report and Recommendation</u>

The Report characterizes all of Petitioner's alleged grounds for relief as "claims for ineffective assistance of counsel." (ECF No. 26 at 10.) To demonstrate ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The two-part test enunciated in *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

   *i.     Ground One: "Ineffective Assistance of Counsel"*

In Ground One, Petitioner asserts that his plea counsel was ineffective because she failed to suppress evidence. (ECF No. 1 at 5.) The Report concludes that Petitioner is "procedurally barred" from raising Ground One because he "bypassed his state remedies[.]" (ECF No. 26 at 15.) First, the Report finds that "to the extent Ground One may be construed as freestanding allegations of violations of the Fourth Amendment, such freestanding claims cannot constitute grounds for habeas relief." (*Id.* at 13.) *Stone v. Powell*, 428 U.S. 465, 482 (1976) precludes a federal court from granting habeas relief on an alleged Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. Accordingly, the Report concludes that Petitioner's claim is barred by *Stone* because he had a full and fair opportunity to raise his Fourth Amendment claims in state court but instead opted to plead guilty. (ECF No. 26 at 14.) Second, the Report notes that Ground One also may not constitute a ground for habeas relief to the extent

9

that it may be construed as a claim that Petitioner's plea counsel was ineffective for failing to raise Fourth Amendment concerns. (*Id.*) Given that claim was not raised in Petitioner's PCR application or hearing, the Report finds that the issue is procedurally barred from federal habeas review. (*Id.*)

        ii.        *Ground Two: "Violation of Due Process"*

In Ground Two, Petitioner alleges that his plea counsel was ineffective by allowing his due process rights to be violated. (ECF No. 1 at 7.) Specifically, he claims that plea counsel was ineffective in allowing the prosecution to aggregate the weights of the drugs that were attributed to him and permitting him to plead guilty to the trafficking charge. (*Id.*) The Report finds that Ground Two does not provide a basis for federal habeas relief. It observes that Petitioner's plea counsel was not ineffective because the PCR Judge found Petitioner's allegation that his plea counsel failed to investigate the facts surrounding his trafficking charge to be "meritless" and believed Petitioner's testimony to be "self-serving." (ECF No. 26 at 16.) Moreover, the PCR Judge determined that Petitioner's contention that it was impermissible for the prosecution to combine the weights of the drugs to satisfy the weigh required for a trafficking charge was "simply an incorrect statement of the law" and that it would not have been a valid defense. (*Id.*) In addition, the Report finds it unlikely that but for counsel's alleged errors, Petitioner would not have pled guilty and would have insisted on going to trial. (*Id.* at 17.) At the PCR hearing, plea counsel testified that Petitioner never expressed a desire to go to trial on the charges, and that it was his decision to plead guilty, which the PCR Judge found to be credible. (*Id.*) Petitioner also stated during the PCR hearing that he pled guilty, at least in part, because he wanted to keep Shamira Sanders, "out of trouble." (*Id.*)

   *iii.*  *Ground Three: "Improper plea/breach of plea agreement"*

In Ground Three, Petitioner maintains that plea counsel allowed him to plead to charges that he "didn't receive." (ECF No. 1 at 8.) He asserts that he was originally offered seven to ten years for the crimes for which he was indicted but that the eventual fifteen-year plea deal he accepted was in exchange for his co-defendant's freedom. (*Id.*) Petitioner claims that his plea counsel allowed the prosecution to violate the terms of his plea agreement "by convicting Shamir Sanders after accepting petitioner's plea." (*Id.*) The PCR Judge concluded that plea counsel fulfilled her responsibilities with respect to the plea offer, and that Petitioner failed to show he would have accepted the earlier seven to ten-year deal, in light of his decision to accept responsibility for all of the drugs. (ECF No. 26 at 19.)

The Report observes that "nothing indicates that the PCR Judge's decision was based on an unreasonable determination of the facts in light of the evidence presented in the PCR proceeding[.]" (ECF No. 26 at 19.) The PCR Judge noted plea counsel's "credible testimony was that [Petitioner] was hoping for [seven to ten] years, but that [plea counsel] was only able to negotiate a global resolution for all nine of [Petitioner's] criminal charges of [fifteen] years." (*Id.*) The PCR Judge further noted that Petitioner was facing a possible sentence of 164 years with all of his charges combined, and opined that the fifteen-year plea deal was not only reasonable, but "was the deal of a lifetime." (*Id.*) Thus, the Report concludes that the court cannot grant habeas relief with respect to Ground Three.

Therefore, based on the Magistrate Judge's review of the Petition, Petitioner failed to establish any cognizable claims for habeas corpus relief. Accordingly, the Magistrate Judge recommended that the court grant Respondent's Motion for Summary Judgment (ECF No. 20) and dismiss Petitioner's Petition for Habeas Corpus (ECF No. 1) with prejudice. (ECF No. 26 at 20.)

II.    Petitioner's Objections to the Report and Recommendation

Petitioner objects to the Report and claims that he "met the genuine issue standard to grant habeas review[.]" (ECF No. 28 at 1.) He contends that Ground One supports habeas relief because he "read into the PCR record the police report in its entirety that shows clearly the 4th Amendment violation and counsel's ineffectiveness." (*Id.* at 1-2.)

With respect to Ground Two, Petitioner claims that "the separation and conviction of the lesser included charge of PWID was and is in violation of the Double Jeopardy Clause and that counsel was/is ineffective for allowing the petitioner to plead to both Traff[icking] in Cocaine Base and PWID Cocaine. (*Id.* at 2.) He also asserts that "counsel's credibility should have been reviewed as not credible" and that there is "well established federal law stating different controlled substances cannot be aggregated to yield one wieght [sic]." (*Id.* at 2-3.)

Furthermore, he claims that the court should grant habeas relief based on Ground Three because "counsel was ineffective for not objecting to his co-defendant's conviction" which was and is in violation of the agreement between the petitioner and the state." (*Id.* at 3.)

Respondent does not object to the Report. (ECF No. 29 at 2.) Respondent claims that Petitioner's Objections do not "raise any new allegations" or "reveal any issues of error from the decision of the Magistrate." (*Id.*) Therefore, Respondent requests that the court accept the Report. (*Id.*)

III.    The Court's Review

After a thorough review of the record, the court finds that the Report adequately addresses the issues raised by Plaintiff and correctly concludes that Respondent's Motion for Summary Judgment should be granted.

       *i.*       *Ground One: "Ineffective Assistance of Counsel"*

The court finds that Petitioner is not entitled to habeas relief based on Ground One. As the Report correctly points out, *Stone* bars Petitioner's claim that he is entitled to habeas relief because of alleged Fourth Amendment violations. (*See* ECF No. 26 at 14.) In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 482. Here, Petitioner had a full and fair opportunity to raise his Fourth Amendment claims in state court but instead chose to plead guilty and waive any arguments he could have raised regarding violations of his Fourth Amendment rights. Thus, *Stone* precludes habeas relief based on Petitioner's allegations of Fourth Amendment violations. Under *Stone*, it is irrelevant whether Petitioner "read into the PCR record the police report in its entirety that shows clearly the 4th Amendment violation and counsel's ineffectiveness." (ECF No. 28 at 1-2.) *Stone* provides that a §2254 Petition is an inappropriate vehicle to challenge Fourth Amendment violations that could have been litigated earlier.

The Report also correctly concludes that Petitioner's claim that his plea counsel was ineffective for failing to raise the alleged Fourth Amendment violations is procedurally barred. (ECF No. 26 at 14.) This ground was not raised in Petitioner's PCR application, advanced during the PCR hearing, or addressed in the PCR Judge's Order of Dismissal. (See ECF No. 19-2 at 28-32, 44-68, 71-78.) Because Petitioner failed to raise the issue, it is procedurally barred from federal review. 28 U.S.C. § 2254(b); *see Sullivan v. Padula*, No. 4:11–2045–MGL, 2013 WL 876689, at *6 (D.S.C. Mar. 8, 2013) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)) (holding that ineffective-assistance-of-trial-counsel claim not pursued in PCR appeal was procedurally barred).

The court will not review the defaulted claim under the exception to the procedural bar because Petitioner has not demonstrated cause for the default or prejudice from a violation of federal law. *See Martinez*, 566 U.S. at 10 ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.").

Since Ground One does not provide a basis for federal habeas relief, the court accepts the Report's recommendation that "summary judgment be granted to [Respondent] on Ground One of the Petition." (ECF No. 26 at 15.)

### ii. Ground Two: "Violation of Due Process"

As to Ground Two, the court agrees with the Report that "the PCR Judge did not unreasonably apply *Strickland* or base her adjudication on an unreasonable determination of the facts." (*Id.* at 17.) The PCR Judge characterized Ground Two as two claims: a claim for failing to investigate the facts surrounding Petitioner's trafficking charge and a due process violation claim. (ECF No. 19-2 at 75.) She found the ineffective assistance of counsel claim to be "meritless" because the "record is clear that [Petitioner] was advised of the charges against him and the possible penalties[,]" Petitioner "admitted to the plea court that the facts as presented to the court by the Assistant Solicitor were true[,]" and she found "Counsel's testimony credible that she reviewed the discovery and fully discussed the case" with Petitioner. (*Id.* at 75-76.) Petitioner has the burden of rebutting the PCR Judge's finding on credibility by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, Petitioner has failed to meet that burden because he has done nothing more than allege that "counsel's credibility should have been reviewed as not credible." (ECF No. 28 at 3.) The PCR Judge also concluded that Petitioner's contention that it "is impermissible for the State to combine the weights of the crack cocaine and cocaine found in his possession in order to determine this case is simply an incorrect statement of the law." (ECF

14

No. 19-2 at 76.) Thus, the PCR Judge did not unreasonably apply *Strickland* or base her adjudication on an unreasonable determination of the facts in finding plea counsel credible.

With respect to Petitioner's due process claim, the PCR Judge acknowledged that Petitioner claimed "allowing me to plea in double jeopardy" as a ground for relief. However, she concluded that Petitioner "failed to set forth with any specificity the grounds upon which this allegation is based or to present evidence to prove this allegation by a preponderance of the evidence." (ECF No. 19-2 at 77.) The court will not overrule this determination because Petitioner has failed to rebut the PCR Judge's determination "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, Ground Two does not provide a basis for federal habeas relief and the court accepts the Report's recommendation that Respondent's "Motion for Summary Judgment be granted as to Ground Two in the Petition." (ECF No. 26 at 17.)

   iii.  Ground Three: "Improper plea/breach of plea agreement"

The court rejects Petitioner's objection that "counsel was ineffective for not objecting to this co-defendant's conviction" which was "in violation of the agreement between the petitioner and the state." (ECF No. 28 at 3.) As the Report correctly notes, "Petitioner does not have standing to make an argument on behalf of his co-defendant for any alleged violations." *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (noting that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties" (quotation marks and citation omitted)); *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 550 S.E.2d 287, 291 (S.C. 2001) ("To have standing, one must have a personal stake in the subject matter of the lawsuit. In other words, one must be a real party in interest."). Accordingly, the court accepts the Report's recommendation that the "Court cannot grant habeas relief with respect to Ground Three[.]" (ECF No. 26 at 19.)

## V.     CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Report and Recommendation (ECF No. 26), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 20), **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 17, 2020
Columbia, South Carolina